IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BRE HOTELS & RESORTS LLC, *et al.*, <br><br>Petitioners, <br><br>vs. <br><br>ACE AMERICAN INSURANCE COMPANY, *et al.*, <br><br>Respondents. | Civil No. 24-00159 MWJS-KJM <br><br>ORDER GRANTING PETITIONERS' MOTION TO APPOINT THE HONORABLE JAMES E. DUFFY AS UMPIRE |

**ORDER GRANTING PETITIONERS' MOTION TO APPOINT**
**THE HONORABLE JAMES E. DUFFY AS UMPIRE**

Before the court is the parties' request for the court to appoint an umpire for their appraisal. For the reasons explained below, the court GRANTS Petitioners' motion to appoint the Honorable James E. Duffy as umpire, and declines to appoint Respondents' proposed candidate, the Honorable Faith S. Hochberg.

Petitioners initiated this action with a petition to compel a form of arbitration called appraisal, which this court granted on September 11, 2024. ECF No. 47. After some delay, the parties agreed upon deadlines for the next steps of appraisal, including the selection of an umpire. *See* ECF No. 68, at PageID.1328. The parties were unable to

agree upon an umpire by that date.[1]  Pursuant to the parties' agreed procedures, therefore, Petitioners have submitted a motion requesting that the court resolve their differences and appoint an umpire.  ECF No. 72.  In response to Petitioners' motion, the parties have proposed two different retired judges—each of whom has an impressive background and a wealth of relevant experience—to serve as the umpire for their appraisal.  Petitioners advance the appointment of the Honorable James E. Duffy, retired Justice of the Hawaiʻi Supreme Court, whereas Respondents advocate for the appointment of the Honorable Faith S. Hochberg, retired United States District Judge for the District of New Jersey.  *See* ECF Nos. 72, 75, & 76.

There are three factors that courts consider when selecting the umpire for an appraisal:  "(1) experience with the appraisal of the type of loss at issue, (2) lack of bias, and (3) proximity to the location at issue and availability of time to devote to the project."  *51 Roses Mill LLC v. Am. Guarantee & Liab. Ins. Co.*, 2023 WL 2454446, at *1 (Conn. Super. Ct. Jan. 20, 2023) (collecting cases).

The first two of these factors do not cut in favor of either side here.  The parties have proposed two highly qualified, retired judges, each of whom has substantial experience serving as an arbitrator and specifically in complex litigation, including

---

[1]  The deadline to select an umpire was initially set for April 16, 2025, but the court granted Respondents a short continuance to April 23, 2025.  ECF No. 74.  Because that delay precluded Petitioners from responding to Respondents' proposed candidate in their initial, timely filing, Petitioners submitted a supplemental letter on April 23, 2025, and the court takes that letter into consideration.  ECF No. 76.

insurance and construction matters. *See generally* ECF Nos. 72 & 75. The court is satisfied that either candidate would serve effectively and with ample skill. Indeed, neither party offers a substantive challenge to the experience of the other's proposed candidate. Nor does either party suggest that the other's proposed umpire harbors any bias.

The third factor is the only one that cuts in favor of one side, and it cuts decisively in favor of Justice Duffy. Justice Duffy, a retired Justice of the Hawaiʻi Supreme Court, is and has long been located in district. And so, as Petitioners point out, he is familiar with local costs and "the realities of construction disputes" in Hawaiʻi. ECF No. 76, at PageID.1542; *see also 51 Roses Mill LLC*, 2023 WL 2454446, at *1 (noting the importance of an in-state umpire "who is familiar with the local costs of construction"). That he is located in Hawaiʻi also means his appointment would not impose any extra travel or lodging costs on the parties. Judge Hochberg, on the other hand is located in New Jersey. And so while she is unquestionably highly qualified, her appointment does not offer these same advantages in this particular case. Finally, neither party suggests that the other's proposed candidate lacks adequate time available to devote to the appraisal; indeed, each party appears to have confirmed their candidate's availability to serve.

Because the first two factors carry little weight one way or the other and the third factor weighs heavily in favor of Justice Duffy, the court concludes that the balance of the factors favors the appointment of Justice Duffy as umpire.

## CONCLUSION

For the foregoing reasons, Petitioners' Motion to Appoint Umpire, ECF No. 72, is GRANTED.  Pursuant to the parties' appraisal protocol, the court appoints Petitioners' proposed umpire, the Honorable James E. Duffy, to serve as the umpire for appraisal.

IT IS SO ORDERED.

DATED:  April 25, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 24-00159 MWJS-KJM; *BRE Hotels & Resorts LLC*, et al. *v. Ace American Insurance Company*, et al.; ORDER GRANTING PETITIONERS' MOTION TO APPOINT THE HONORABLE JAMES E. DUFFY AS UMPIRE